# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Tory R. Hopkins,** | Case No. 4:23cv1147 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Warden Joshua Bolar** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* petitioner Tory R. Hopkins is currently in custody at Federal Correctional Institution, Elkton. He filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1.), challenging his 2018 conviction in the United States District Court for the Eastern District of Michigan. For the following reasons, the Court denies Hopkins's petition.

## I. Background

Hopkins's petition contains very few facts. But the Court's review of the docket of the Eastern District of Michigan reveals that Hopkins pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and the district court imposed a prison sentence of 130 months on the first count and 60 months on the second count, to be served consecutively. (*See United States v. Hopkins*, Eastern District of Michigan, No. 1:18-CR-20166 (Doc. No. 23)). Hopkins filed a motion to vacate his sentence under Section 2255, and he appealed

his conviction. The district court denied the motion and the Sixth Circuit Court of Appeals dismissed the appeal. (*Id.*, Doc. Nos. 35, 48). Hopkins also filed a motion for compassionate release, which the district court denied, and the Sixth Circuit affirmed the district court's order. (*Id.*, Doc. Nos. 56, 64).

Hopkins now files this petition under Section 2241, claiming that the United States Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015, 213 L. Ed.2d 349 (2022) establishes his actual innocence. Hopkins argues that in light of *Taylor*, his predicate offense of felonious assault no longer qualifies as a valid predicate offense, and therefore, he should not have been designated as a Chapter Four Career Offender. (Doc. No. 1 at 6). He asks the Court to vacate his sentence and order his release.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### III. Law and Analysis

Generally, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides a means by which a federal prisoner may challenge his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). By contrast, Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'-- those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a Section 2241 petition when his attempts to obtain relief under Section 2255 are unsuccessful. *Id.* A prisoner may, therefore, not use Section 2241 to get a "second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a Section 2255 motion. *See Fuentes v. Sepanek*, No. 13-170-HRW, 2014 U.S. Dist. LEXIS 22754, 2014 WL 705291, at *3 (E.D. Ky. Feb. 24, 2014) (dismissing Section 2241 petition asserting ineffective assistance of counsel in connection with a plea agreement).

Section 2255(e), the "saving clause," however, creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a Section 2241 petition. The saving clause allows a federal prisoner to challenge his conviction or sentence under Section 2241 if he can show that his remedy under Section 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). The petitioner bears the burden of establishing that his remedy under Section 2255 is "inadequate or ineffective." *Charles*, 180 F.3d at 756.

Recently, the Supreme Court clarified that the saving clause applies only if "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 143 S. Ct. 1857, 1866, 216 L.Ed.2d 471 (2023); *Garner v. Gilley*, No. 23-5114, 2023 U.S. App. LEXIS 22246, *4 (6th Cir. Aug. 23, 2023). One example of such an unusual circumstance is where the sentencing court no longer exists. *Jones*, 143 S. Ct. at 1866 ("a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose") (citing *Witham v. United States*, 355 F. 3d 501, 504-505 (6th Cir. 2004) (finding Section 2255 inadequate or ineffective after court-martial was dissolved); *Edwards v. United States*, 1987 WL 7562, *1 (EDNY, Feb. 9, 1987) (finding Section 2255 inadequate or ineffective after District Court of the Canal Zone was dissolved)). The saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty's] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 143 S. Ct. at 1864. "The inability of a prisoner with a statutory claim to satisfy th[e] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 1869.

Here, Petitioner is clearly challenging his conviction in this petition. And it appears that he is attempting to argue that an intervening change in the law, in *United States v. Taylor*, 142 S. Ct. 2015, 213 L. Ed.2d 349 (2022), establishes his actual innocence. But Petitioner has failed to demonstrate that a motion to vacate under Section 2255 is "inadequate or ineffective." And no such unusual circumstances that make it "impossible or impracticable" to seek relief from the sentencing court are apparent from the record. Accordingly, Petitioner has failed to show the applicability of Section 2255(e)'s saving clause. *See Birtha v. Gilley*, No. 22-6030, 2023 U.S. App. LEXIS 24159, *2 (6th Cir. Sept. 12, 2023) (Petitioner's Section 2241 petition seeking relief

through the saving clause in light of *Taylor*, 142 S. Ct. 2015, 213 L. Ed. 2d 349, is foreclosed by *Jones*). The Court therefore lacks jurisdiction to adjudicate this petition. *See Taylor*, 990 F.3d at 499-500 (6th Cir. 2021).

### IV. Conclusion

For the foregoing reasons, the Court DENIES Petitioner Tory R. Hopkins's petition (Doc. No. 1) and DISMISSES this action pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

   s/*Pamela A. Barker*
PAMELA A. BARKER
Date:   September 26, 2023    U. S. DISTRICT JUDGE